| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------- X<br>PEOPLE OF THE STATE OF NEW YORK,   :<br>                                             :<br>                  - against –               :<br>                                             :<br>RAELSON BEY and ROBERT POPE,    :<br>                                             :<br>                 Defendants.       :<br>---------------------------------------------------------- X | **C/M**<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>17-cv-06022 (BMC)(VMS) |

**COGAN**, District Judge.

On October 16, 2017, defendants Robert Pope, appearing herein as Love Ibn Allah-Bey, and Raelson Bey, appearing herein as Ra-el Son Bey, filed this *pro se* notice of removal, seeking to remove their then-pending criminal case number 07692-2016 from the Supreme Court of the State of New York, Criminal Term, Kings County. Defendants paid the filing fee to commence this action. The Court has promptly examined the notice as required by 28 U.S.C. § 1455(b)(4). For the reasons set forth below, the Court *sua sponte* determines that removal is inappropriate and directs the Clerk of Court to remand the action to the Kings County Supreme Court.

## BACKGROUND

The following facts are taken from the papers submitted by defendants with their notice of removal and the public record of their prosecution and conviction.[1] Defendants were arrested on September 6, 2016, and charged by the Kings County District Attorney's Office under indictment 7692-2016 with various counts of trespass, burglary, possession of burglary tools and criminal mischief at two Brooklyn addresses: 527 Hancock Street and 522 Monroe Street. Defendants characterize themselves as Moorish American Nationals who are "bound to the

---

[1] According to the records of the New York City Department of Correction, defendants, known by the names Ra Elson Bey and Robert Pope, are detained at Rikers Island. See http://www1.nyc.gov/site/doc/inmate-info/inmate-lookup.page (last visited October 25, 2017).

Zodiac Constitution" and, according to statements given to the police at the time of their arrest, they look up abandoned property on websites, claim them as their own by changing the locks, and reside at the address to give the property the "love" it deserves. They were convicted of third degree burglary (N.Y. Penal L. § 140.20) on October 12, 2017, and sentenced and remanded to custody on October 24, 2017. In addition to seeking removal of the criminal prosecution against them and release from custody, defendants seek monetary damages and dismissal of the criminal charges against them.

## DISCUSSION

Under 28 U.S.C. § 1443, a defendant may remove a civil action or criminal prosecution from state court to federal court, if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A notice of removal under § 1443(1) must satisfy a two-pronged test. "First, it must appear that the right allegedly denied the [removing defendant] arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Id. Second, it must appear on the face of the notice of removal "that the [removing defendant] is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" Id. (quoting Rachel, 384 U.S. at 804); Varricchio v. Cty. of Nassau, 702 F. Supp. 2d 40, 68-69 (E.D.N.Y. 2010).

Here, defendants have failed to allege a proper basis for removal under § 1443(1). They do not allege a civil rights violation "in terms of racial equality," as is required to remove a

criminal action to federal court.  Moreover, defendants fail to allege that they would be precluded from enforcing their constitutional rights in state court.

Further, a notice of removal of a criminal prosecution must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" and must include "all the grounds for such removal."  28 U.S.C. § 1455(b)(1)-(2).  Here, defendants attempted to remove their case after they were convicted at trial, which is too late.  Defendants were arraigned on November 2, 2016 and convicted on October 12, 2017 – four days before they attempted to remove to this Court.  And to the extent defendants are asking the Court to examine the State's authority to prosecute them, defendants must first exhaust all of their state-court remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999).

Finally, defendants' suggestion that as "In-Propria Persona, Sui Juris . . .  Aboriginal, Indigenous Moor American Nationals" they are immune from the laws of the City and State of New York is frivolous.  This Court is familiar with the use of the phrase "sui juris in-propia persona" by self-proclaimed Moorish-American national litigants who assert that they are not subject to the jurisdiction of the courts and who submit court filings that contain pseudo-legal nonsense and references to their sovereign citizenship that purportedly exempt them from the laws of federal and state law and the jurisdiction of the courts.  See, e.g., Smith ex rel. Bey v. Kelly, No. 12-cv-2319, 2012 WL 1898944, at *2-3 (E.D.N.Y. May 24, 2012) ("The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside."); Bey v. Jamaica Realty, No. 12-cv-2141, 2012 WL 1634161, at *1 n.1 (E.D.N.Y. May 9, 2012) (noting that membership of plaintiff challenging eviction in "Moorish-American" nation does not exempt him from laws of the United States).  Defendants' purported status is not a basis for removing their criminal action to this Court.

**CONCLUSION**

This case is remanded to the Supreme Court of the State of New York, Kings County. In addition, to accurately reflect the posture of this action, the Clerk is directed to: (i) amend the docket sheet to reflect the state court caption and their legal names as set forth above, disregarding the caption that defendants created for their notice of removal; (ii) amend docket entry #1 to reflect that the removal was from the Kings County Supreme Court, Criminal Term, not the Civil Court of the City of New York; (iii) in the Court's database, enter and cross-reference defendants' legal names as reflected above with their pseudonyms.

Although defendants paid the filing fee to remove this case, should they seek to appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                          U.S.D.J.

Dated: Brooklyn, New York
        October 27, 2017